AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| Ashleigh Baldwin | ) | **12 CIV 6169** |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Gerson Lehrman Group, Inc. | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Gerson Lehrman Group, Inc.
850 Third Avenue, 9th Floor
New York, New York 10022

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Douglas H. Wigdor
Thompson Wigdor LLP
85 Fifth Avenue
New York, New York 10003

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: ___ AUG 1 0 2012 ___                    _____
*Signature of Clerk or Deputy Clerk*

**12 CIV 6169**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ASHLEIGH BALDWIN,                                           :    Civil Action No.
                                                            :
                                      Plaintiff,            :
                                                            :    COMPLAINT
              v.                                            :
                                                            :    JURY TRIAL DEMAND
GERSON LEHRMAN GROUP, INC.                                  :
                                                            :
                                      Defendant.            :
                                                            :
------------------------------------------------------------X

        Plaintiff Ashleigh Baldwin, by her attorneys, Thompson Wigdor LLP, as and for her

Complaint against Gerson Lehrman Group, Inc. ("Gerson Lehrman" or "the Company"), alleges

as follows:

### NATURE OF THE ACTION

        1.      This is a civil action for all uncompensated overtime wages suffered or permitted

by Defendant, for liquidated damages under federal law, for attorneys' fees and costs and for any

other available remedies for violations of the overtime provisions of the Fair Labor Standards

Act, 29 U.S.C. § 201 et seq. ("FLSA").

        2.      Plaintiff was a "Research Associate" who was improperly classified as exempt or

otherwise excluded from the provisions of the FLSA and was not paid overtime compensation

for all hours worked in excess of 40 hours per week for the period of September 11, 2007

through December 31, 2008 (the "FLSA Period").

        3.      Defendant has willfully violated the FLSA by failing to pay Plaintiff one and one-

half times her regular rate of pay for all hours worked in excess of 40 hours per workweek.

Pursuant to Defendant's unlawful policies and practices, Plaintiff has been improperly classified

as exempt from the provisions of the FLSA and/or improperly denied overtime wages to which she was entitled. Plaintiff is entitled to recovery for all uncompensated overtime wages and an amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

4.     Because Defendant has willfully violated the FLSA, the three year statute of limitations provided by the FLSA, at 29 U.S.C. § 255(a), applies to Plaintiff's claims.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7.     Plaintiff Ashleigh Baldwin's domicile is in New Hope, Pennsylvania and currently resides in Ireland.   She is a former Research Associate employed by Defendant.  At all relevant times, Ms. Baldwin worked for Defendant in Boston, Massachusetts.  Plaintiff is currently employed by Defendant in Ireland.

8.     As evidenced by Exhibit A, Ms. Baldwin hereby consents to sue under the FLSA, pursuant to 29 U.S.C. § 216(b).

9.     Defendant is a Delaware corporation, engaged in providing consultant services to financial services firms, professional service firms, corporations, and non-profit organizations that use Defendant's network of services.  At all relevant times, Defendant has maintained a principal place of business at 850 Third Avenue, 9th Floor, New York, NY 10022, as well as

other offices in the following United States locations: Austin, TX, Boston, MA, Chicago, IL, Los Angeles, CA, San Francisco, CA, and Washington, D.C.

## FACTUAL ALLEGATIONS

10.     Plaintiff was employed as a Research Associate assigned to the Company's Healthcare Research team in Defendant's Boston, MA office from September 11, 2007 until December 31, 2008, at which point Plaintiff was promoted to the position of Research Manager.

11.     At all relevant times, Plaintiff's primary responsibility was to act as a liaison between Defendant's clients and Defendant's network of subject matter experts.  This required, among other things, responding to research requests delegated by senior team members, responding to research requests submitted directly from clients, contacting Defendant's network of subject matter experts regarding research requests, and generating new leads from existing clients.  At all times, Plaintiff acted in accordance with Defendant's policies and practices and at the direction of senior team members.

12.     Defendant Gerson Lehrman's position description describes the Research Associate position as follows: "Research Associates are responsible for managing and executing primary research deliverables to add value to Gerson Lehrman Group clients.  Research Associates gain a fundamental understanding of [Gerson Lehrman's] business model and client base through close coordination with senior members of the research team while executing immediate client needs."

13.     Defendant Gerson Lehrman's position description describes the responsibilities of the Research Associate position as follows:

      a.   Learning Gerson Lehrman Group's underlying business processes and assisting senior team members with high-level product execution, and developing a fundamental understanding of their practice areas industries;

3

b. Fulfilling time-sensitive research requests delegated by senior team members on behalf of Gerson Lehrman Group clients by analyzing client requests, and building and qualifying primary population experts;

c. Assisting senior team members with high-level service fulfillment by managing premium products including Market and Custom Surveys, Education Seminars, Roundtable luncheons, and Custom Research Trips;

d. Develop a working knowledge of the practice area's core industries to improve project and product service quality.

14.     Defendant Gerson Lehrman's position description describes the suggested background for a Research Associate as follows:

a. Bachelor's degree or higher from a Top-tier undergraduate institution. Background in Finance or Economics, preferred;

b. 0-2 years experience in investment banking, consulting, or related field;

c. General understanding and awareness of financial markets;

d. Excellent verbal and writing skills.

15.     According to the Defendant's Employee Policies, the Company is open for business from 8:30a.m. to 6:00p.m., Monday through Friday, except for Holidays.  Additionally, employees are permitted to take a one hour lunch break between the hours of 12:00p.m. and 2:00p.m.

16.     Notwithstanding these written policies, at all relevant times the Company expected Plaintiff to work, at a minimum, from 8:30a.m. until 7:30p.m, and there were numerous times that Plaintiff's work day began at 7a.m. and/or ended at 10p.m.  The Company also encouraged employees to work through their lunch break and on weekends.

17.     From September 2008 through December 2008, a time period openly referred to by managers as the "Final Assault," employees were specifically encouraged to work later and

come in earlier to help the Company hit its year-end revenue target.  During this time period, Plaintiff was expected to work beyond 7:30p.m.

18.      In an effort to encourage the Company's Research Associates to work longer hours, Company supervisors publicly praised those Research Associates that worked long hours and worked during the weekend to fill client needs.

19.      In an effort to encourage its employees to work late, the Company had a policy whereby employees that worked until 9:00 p.m. were permitted to expense a meal and cab home to the Company.  Similarly, Company supervisors publicly praised those Research Associates that worked long hours and worked during the weekend to fill client needs.

20.      During the FLSA Period, Plaintiff regularly worked substantially in excess of 40 hours per week, frequently working between 50 and 60 hours per week.

21.      On December 19, 2008, the Company, in a memorandum entitled Job Reclassification, notified all Research Associates that it had "recently completed a review of the Company's compensation structure and determined that employees in certain positions will be eligible for overtime compensation (meaning those employees will be classified as 'non-exempt' from the overtime provisions of the Fair Labor Standards Act).  Effective January 1st, 2009, your current position will be reclassified as non-exempt and going forward, you will be entitled to overtime pay if you are required to work in excess of 40 hours per week."

22.      Upon information and belief, this job reclassification notice was provided only to Defendant's Research Associate employees.

23.      This notice instructed these employees that: "Your current rate of pay will be converted into an hourly rate. . . .  You will be paid 1.5 times that hourly rate for each hour you

work above and beyond 40 hours in a workweek. . . .  With this classification change, you will be required to submit a record of all time worked."

24.     Prior to January 1, 2009, Defendant Gerson Lehrman Group classified Plaintiff as exempt from the FLSA's overtime compensation requirements.

25.     Despite Defendant's classification as such, Plaintiff was not exempt from the overtime and other wage provisions of the FLSA.

26.     According to Defendant's policies and practices, Plaintiff was an employee without discretion or independent judgment over how to carry out her duties for Defendant, as Research Associates were expected to follow Defendant's practices and the instructions of senior managers in performing their functions.

27.     Plaintiff did not customarily or regularly direct two or more persons, and she had no management responsibilities and was responsible only for her own work while employed as a Research Associate.

28.     Plaintiff's primary duties did not require knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized academic instruction or study.

29.     Plaintiff's primary duties did not involve work that required invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

30.     Plaintiff's primary duties did not consist of performance of either office or non-manual work that is directly related to Defendant's management or general business operations and did not include the exercise of discretion and independent judgment with respect to matters of significance.

31.     Since January 1, 2009, there has been no material change in the basic job duties and assignments assigned by Defendant to those individuals employed as Research Associates to warrant a reclassification of their FLSA exemption status.

32.     Prior to January 1, 2009, Plaintiff was not required to record her time actually spent working.  Thus, Defendant has failed to maintain records concerning Plaintiff's wages, hours, and other terms and conditions of employment as required by the FLSA.

33.     Because Defendant incorrectly classified Plaintiff as exempt from the FLSA's overtime requirement, Defendant improperly and unlawfully failed to compensate her one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in any workweek, in violation of the FLSA.

34.     Despite recognizing that, prior to January 1, 2009, Defendant had erroneously and unlawfully misclassified its Research Associate employees as exempt from the FLSA's overtime compensation requirements, Defendant has failed to compensate Plaintiff for overtime compensation to which she is entitled.

35.     Defendant's violations of the FLSA were willful, repeated, knowing and intentional and significantly damaged Plaintiff.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (Violation of the Fair Labor Standards Act)

36.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 35 as though they were set forth herein.

37.     At all relevant times, Defendant has been and continues to be an "employer" engaged in interstate commerce and/or the production of good for commerce, within the meaning of and at revenue levels sufficient for coverage under the FLSA, 29 U.S.C. § 203.

38.     At all relevant times, Plaintiff was employed by Defendant as an "employee," within the meaning of the FLSA, 29 U.S.C. § 203.

39.     Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216.  *See* Exhibit A.

40.     The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all work performed in excess of 40 hours in a workweek.

41.     Plaintiff was not exempt from the requirement that her employer pay her overtime compensation under the FLSA, and she is entitled to be paid overtime compensation by Defendant for all overtime hours worked during the FLSA Period.

42.     At all times during the FLSA Period, Defendant had a policy and practice of improperly classifying Plaintiff as exempt from the provisions of the FLSA, and of failing or refusing to pay her overtime pay for her hours worked in excess of 40 hours in a workweek.

43.     As a result of Defendant's failure to compensate Plaintiff at a rate not less than one and one-half times her regular rates of pay for all work performed in excess of forty (40) in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 207(a)(1).  Defendant's violations of the FLSA have significantly damaged Plaintiff.

44.     The foregoing conduct of Defendant, as alleged, constitutes a willful violation, within the meaning of the FLSA, 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A.     Determine the damages sustained by Plaintiff as a result of Defendant's violations of 29 U.S.C. § 207(a)(1), and award those damages against Defendant and in favor of Plaintiff, plus such pre-judgment interest as may be allowed by law;

       B.      Award Plaintiff an additional equal amount as liquidated damages pursuant to 29

U.S.C. § 216(b) because Defendant's overtime violations were willful;

       C.      Award Plaintiff her reasonable attorneys' fees and costs and disbursements in this

action, including but to limited to any accountants' or experts' fees; and

       D.      Grant Plaintiff such other and further relief as the Court may deem just and

proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: August 10, 2012
      New York, New York

                             THOMPSON WIGDOR LLP

                             By: _____

                                 Douglas H. Wigdor
                               Tanvir H. Rahman

                             85 Fifth Avenue, Fifth Floor
                             New York, New York 10003
                             Telephone:  (212) 257-6800
                             Facsimile:  (212) 257-6845
                             dwigdor@thompsonwigdor.com
                             trahman@thompsonwigdor.com

                             *Attorneys for Plaintiff*

# Exhibit A

08/10/2012  09:29   6094943488            HCHSOTHEBYSINTLRLTY            PAGE  01

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
                                                    :
ASHLEIGH BALDWIN,                                   :    Civil Action No.
                                                    :
                              Plaintiff,            :
                                                    :    **COMPLAINT**
                                                    :
                  v.                                :    **JURY TRIAL DEMAND**
                                                    :
GERSON LEHRMAN GROUP, INC.                          :
                                                    :
                              Defendant.            :
                                                    :
-----------------------------------------------------------X

       I hereby consent to being a party plaintiff in the above-named case seeking damages and

other relief that may be appropriate against Gerson Lehrman Group, Inc. for its alleged violations

of the Fair Labor Standards Act.

       I understand that by filing this Notice of Consent, I will be bound by the judgment of the

Court on all issues in the case, whether favorable to me or not.

Name:         Ashleigh Baldwin

Address:      478 Lurgan Road
              New Hope, PA  18938

Telephone:    (215) 862-0382

Signature:    _ABaldwin_____

Date:         August 10, 2012